Barnard, P. J.
The issue as to the occurrence after midnight on the 18th of August, 1884, was properly decided. It is easily seen from the testimony that the plaintiff was displeased and astonished at the exhibition of the hotel life at Coney Island. The house was open all night and parties of men and women were there and stayed late and drank and sang, and were generally boisterous if not disorderly. There may have been no evil in all this, but it no doubt was of evil example to a modest dressmaker, who was suddenly brought in contact with this kind of life which seemed the correct mode to those who were accustomed to it. Upon the night in question, the plaintiff, after it became very late, left her room to find tier hustiand. When she did find him, she testifies that he used her cruelly, that he struck her and shoved her with violence *928 ¡against the bannisters and otherwise maltreated her. The plaintiff is supported in her statement by a Mrs. Unger. On the other hand, the defendant, a Mr. Surtes, and the landlord of the hotel, Mr. Librone, testified to a totally different state of facts. The plaintiff’s narrative is more in accordance with the probability of the case. The defendant admits being up late with a party of ■both sexes, who were singing and dancing, and that he retired to the bar-room ¡and was called by a person on account of the screeching of his wife in the hotel hall. It is quite unnatural for a self-possessed lady to behave in this manner without any reason. She says she went to call him up stairs and when she found him he became angry and used great violence to her. If the case was an even one on the evidence, the trial judge had the best opportunity for a ■conclusion as to the truth of the origin and result of the occurrence. The other issues made by the evidence were equally favorable to the plaintiff. The ■defendant had four children by a former marriage, and the claim was that the plaintiff had abused them. It appears, on the contrary, that she gave the kindest care to them after the death of their mother, even supported them in great part. They appear to have been wayward children, the result of inattention by their parents, and the plaintiff seems to have done her best to govern them without corporal punishment. With these children the responsibility was very great. The issue is not vital, but from the evidence the plaintiff was unexceptionable in her treatment of his children.
The judgment should bo affirmed, with costs.
Pratt and Dykman, JJ., concur.